# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40388
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
March 26, 2019
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CANDELARIO LUCIO-GARZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-1701-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Candelario Lucio-Garza appeals his jury conviction for illegal reentry by a deported alien. *See* 8 U.S.C. § 1326(a), (b). Lucio-Garza contends that the district court violated his Fifth and Sixth Amendment rights to present a defense when it barred admission of the audio portion of dashboard and body camera videos of his encounter with police near the Pharr, Texas, port of entry, during which Lucio-Garza stated his desire to apply for asylum. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court also barred Lucio-Garza from questioning witnesses about his asylum request.  Lucio-Garza argues that evidence of his intent to apply for asylum negated the mens rea element of § 1326.  To that end, he moves to supplement the record on appeal with a transcript of the body camera video.  We grant the motion to supplement the record and affirm the judgment.

Although "[s]tate and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials," *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (internal quotation marks and citation omitted), the Fifth and Sixth Amendments "guarantee[ ] criminal defendants a meaningful opportunity to present a complete defense," *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (internal quotation marks and citation omitted).  We review an alleged violation of a defendant's right to present a defense de novo, subject to harmless error.  *See United States v. Lockhart*, 844 F.3d 501, 509-10 (5th Cir. 2016); *United States v. Skelton*, 514 F.3d 433, 438 (5th Cir. 2008).  We also review a district court's limitation on cross-examination de novo when, as here, a defendant asserts that the limitation violated his right to present a defense.  *See Lockhart*, 844 F.3d at 509.

To prove that Lucio-Garza violated § 1326, the Government was required to show that (1) he was an alien; (2) he had been previously deported; (3) he attempted to enter the United States; and (4) he had not received the express consent of the Attorney General or the Secretary of Homeland Security.  *See United States v. Jara-Favela*, 686 F.3d 289, 302 (5th Cir. 2012).  Critically, "the crime of illegal reentry is not a specific intent crime[.]"  *United States v. Flores-Martinez*, 677 F.3d 699, 712 (5th Cir. 2012).  Therefore, the Government needed to show only that Lucio-Garza had a "general intent to reenter."  *Jara-Favela*, 686 F.3d at 302.  "A general intent mens rea under § 1326 . . . merely requires that a defendant reenter the country voluntarily."  *United States v.*

No. 18-40388

*Guzman-Ocampo*, 236 F.3d 233, 237 (5th Cir. 2000) (italics omitted). It does not require an intent to "act unlawfully." *United States v. Berrios-Centeno*, 250 F.3d 294, 299 (5th Cir. 2001).

Lucio-Garza does not dispute that he voluntarily attempted to reenter the United States; indeed, he conceded as much to police during the recorded encounter. No greater showing was required to satisfy the mens rea element of § 1326. *See Guzman-Ocampo*, 236 F.3d at 237. That Lucio-Garza had a lawful motive for attempting to reenter is irrelevant. *See Flores-Martinez*, 677 F.3d at 712; *Berrios-Centeno*, 250 F.3d at 299. Because evidence of Lucio-Garza's intent to apply for asylum did not relate to "an element that must be proven to convict him," its exclusion from trial did not preclude him from presenting a complete defense. *Clark v. Arizona*, 548 U.S. 735, 769 (2006). Accordingly, the district court did not err in excluding that evidence. *See Holmes*, 547 U.S. at 324; *Lockhart*, 844 F.3d at 509-10; *Skelton*, 514 F.3d at 438.

The motion to supplement the record is GRANTED. The judgment is AFFIRMED.